**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL SOURYAVONG, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>LACKAWANNA COUNTY, LACKAWANNA COUNTY DEPUTY SHERIFF'S ASSOCIATION,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-13-1534<br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Plaintiffs' Motion for Summary Judgment against Defendant Lackawanna County (Doc. 50), and Defendant Lackawanna County Deputy Sheriffs Association's Motion for Summary Judgment (Doc. 56) against Plaintiffs Michael Souryavong, Edwin Velez, and Nelson Rolon.  Plaintiffs seek summary judgment on their claim brought against Lackawanna County pursuant to the Federal Labor Standards Act (FLSA).  Because the record shows that there are no material disputes of fact as to whether the plaintiffs worked overtime, were not compensated at an overtime rate, and the defendant had constructive knowledge of this, Plaintiffs are entitled to relief as a matter of law, and summary judgment will be granted.  Because there remain disputes of material fact as to whether the violation was willful and whether the statute of limitations should be equitably tolled, I will *deny* summary judgment with respect to claims based on events that fall outside of the minimum two (2) year FLSA statute of limitations from the date that Plaintiffs filed their original complaints.

Defendant Lackawanna County Deputy Sheriffs Association ("LCDSA," "the Association") seeks summary judgment with respect to Plaintiffs' claim that the LCDSA breached its duty of fair representation to Plaintiffs.  Because material facts remain in dispute, Defendant LCDSA's Motion for Summary Judgment will be *denied.*

**I. Background**

**A. Factual Background**

**1. Plaintiffs' Employment with Lackawanna County**

This action arises out of events that occurred while Plaintiffs Michael Souryavong, Edwin Velez, and Nelson Rolon worked for Lackawanna County as part-time Deputy Sheriffs and also in other departments. Plaintiff Velez began working for the County in February 2011. (Doc. 67, ¶ 12.) Velez worked in "Central Booking" and as a Deputy Sheriff from 2011 to January 2012. (*Id.,* ¶ 14.) He stopped working for the County on July 25, 2012. (*Id.*)

Plaintiff Nelson Rolon started working for the Lackawanna Sheriff's Department in September 2010 as a part-time Sheriff's Deputy. (Rolon Dep., Doc. 52-10, 8:1-8:5.) At some point in 2010, he began also working part-time in Central Booking at the County District Attorney's Office. (Doc. 67, ¶ 16.) Plaintiff Rolon worked for the County through October 15, 2011.

Plaintiff Michael Souryavong worked for the Lackawanna County Sheriff's Department as a Deputy from June 2008 through August 2011. (Doc. 67, ¶¶ 20, 23.) This was a part-time position. (Souryavong Dep. 13:2, Doc. 68-3.) Souryavong described his understanding of the limit on maximum hours as: "They gave you all the hours that you want just as long as you do not go over the Federal Law which would put you over full-time." (*Id.*, 17:6-17:10.) Souryavong also worked for Central Booking in the DA's Office. (Souryavong Dep. 18:13-14.) On December 22, 2010, Plaintiff Souryavong started working full-time at the Lackawanna County Juvenile Detention Center. (Doc. 67, ¶ 23.) When he was employed by the Juvenile Detention Center, Plaintiff Souryavong was paid overtime when he worked in excess of forty (40) hours a week. (*Id.,* ¶ 24.)

Tom Durkin has been the Chief Financial Officer for Lackawanna County since 2004. (Doc. 67, ¶ 1.) Mr. Durkin was designated to represent the County in a deposition pursuant to Fed. R. Civ. P. 30(b)(6). Payroll for the County is prepared by a computer financial accounting system. (Doc. 67, ¶ 2.) Time is entered into the system by each County Department. (*Id.,* ¶ 3.) Every other Wednesday morning, after approval, the system pulls

2

information into a centralized processing module which prepares payroll and prints checks. (*Id.,* ¶ 4.) Printouts from the financial accounting system reflect the hours worked by employees. (*Id.,* ¶ 5.) The payroll system pays by ID number, and multiple ID numbers cannot be integrated to determine payout of overtime. (*Id.,* ¶ 9.) Since 2011, the County does not permit employees to work in more than one department. (*Id.,* ¶ 10.)

Defendant Lackawanna County states that it is and was familiar with the Fair Labor Standards Act (FLSA), and that it was required to pay employees elevated overtime wages for overtime hours worked. (Doc. 64, ¶¶ 1-2.) Defendant admits that its calculations reveal that Plaintiffs Souryavong, Velez, and Nelson "accrued hours that would warrant the payment of overtime," however, it asserts that it did not violate the FLSA by not paying this overtime. (*Id.,* ¶¶ 3-6.)

## 2. Plaintiffs' Claim against the LCDSA

The Lackawanna County Deputy Sheriffs Association ("LCDSA") is the union that represents the County's Deputy Sheriffs for "purposes of collective bargaining with respect to wages, hours, and other terms and conditions of employment." (Doc. 56-2, *Ex. 1.*) Turique Patrick is the President of the LCDSA. (*Def. LCDSA SMF*, Doc. 56-2, ¶ 7; *Pl. SMF*, Doc. 61, ¶ 7.) Plaintiffs Souryavong, Rolon, and Velez were employed by Lackawanna County as part-time deputy sheriffs. (Doc. 56-2, ¶¶ 7-9; Doc. 61, ¶¶ 7-9.) Plaintiffs were all members of the Association. (Doc. 56-2, ¶ 10, Doc. 61, ¶ 10.) None of the plaintiffs ever ran for or held union office, or campaigned for or against anyone in an internal union election. (Doc. 56-2, ¶ 28, Doc. 61, ¶ 28.) In addition to working as part-time deputy sheriffs, Plaintiffs were employed elsewhere by the County. (Doc. 56-2, ¶ 11, Doc. 61, ¶ 11.)

On July 13, 2011, Association President Patrick filed a grievance with the County protesting, *inter alia,* the County's failure to pay overtime to employees who were working in excess of forty (40) hours a week for the County. (Doc. 56-2, ¶ 15, Doc. 61, ¶ 15.) This grievance included a complaint specifically addressing the payment of overtime wages to employees of the Sheriff's Department who worked overtime in other departments, such as

the plaintiffs. (Doc. 56-2, *Ex. 6.*) All three (3) Plaintiffs were named in the grievance as in need of remedy for the lack of overtime payments. (Doc. 56-2, *Ex. 6,* 94.) Parties agree that Plaintiffs Souryavong and Rolon were official grievants, but Defendant Association asserts that Plaintiff Velez did not wish to join the grievance. (Doc. 56-2, ¶ 19.) Plaintiffs assert that Plaintiff Velez was part of the grievance. (Doc. 61, ¶ 19.) In the heading of the grievance, Plaintiffs Souryavong and Rolon are listed, but Plaintiff Velez is not. (Doc. 56-2, *Ex. 6.*)

The parties dispute whether the grievance proceeded to arbitration. Defendant Association attaches to its Statement of Material Facts an American Arbitration Association Decision governing a matter between the County and the Association. (Doc. 56-2, *Ex. 6.*) However, there is no clear indication that this arbitration, held on November 19, 2013, stemmed from the grievance contained in the record. The arbitrator's opinion only mentions the names of Plaintiff Rolon and another deputy sheriff, Fox. (*Id.*) Plaintiff Souryavong testified in a deposition that he believed that his grievance didn't go anywhere, and that someone from the union told him that they were not going to take his grievance to arbitration. (Souryavong Dep., 39:6-9.) Plaintiff Souryavong stated that he never received any money as a result of this arbitrator's decision, but other sheriff deputies did. (*Id.*, 53:4-12.) The Association did not appeal the decision of the arbitrator. (Doc. 56-2, ¶ 27, Doc. 61, ¶ 27.)

**B. Procedural Background**

**1. The Complaint**

Based on the foregoing, Plaintiffs Michael Souryavong and Edwin Velez initiated this action by filing a Complaint (Doc. 1) on June 7, 2013. They filed an Amended Complaint (Doc. 20) on August 8, 2013. Plaintiffs assert three (3) counts:

Count I alleges a violation of the Fair Labor Standards Act (FLSA), Pennsylvania Wage Payment and Collection Law (WPCL), and Pennsylvania Minimum Wage Act (PMWA) against Defendant Lackawanna County.

Count II alleges a breach of the collective bargaining agreement against Defendant Lackawanna County.

Count III alleges a breach of the union's duty of fair representation against Defendant Lackawanna County Deputy Sheriff's Association and Defendant Lackawanna County.

On August 27, 2013, Defendant Lackawanna County filed a Motion to Dismiss the Amended Complaint (Doc. 26), which I denied on February 19, 2014 (Docs. 33, 34).  On March 19, 2014, Defendant Lackawanna County filed an Answer to the Complaint with affirmative defenses. (Doc. 36.) On April 3, 2014, Plaintiffs filed a Motion to Strike Collective Bargaining Agreement from Defendants' Answer (Doc. 37) and a Brief in Support (Doc. 38), which I denied on May 27, 2014 (Doc. 49).

**2. Consolidation**

On April 10, 2014, Defendant Lackawanna County, with the concurrence of Defendant LCDSA, filed a Motion to Consolidate Cases pursuant to Federal Rule of Civil Procedure 42(a) (Doc. 41).  Defendant moved to consolidate the action filed by Plaintiffs Souryavong and Velez with *Rolon v. Lackawanna County et al.,* Civil Action No. 13-cv-1581, a similar action brought by Plaintiff Nelson Rolon, who was represented by the same counsel and brought the same claims against the same defendants.  (*Id.* at ¶ 1.)  Plaintiffs filed a Brief in Opposition to this Motion (Doc. 43).

On May 15, 2014, I held a telephone case management conference.  Following this, I issued a Case Management Order on May 20, 2014, in which I consolidated the two cases for all discovery and pretrial purposes under the above caption, 13-cv-1534.  (Doc. 48, 1-2.)

**3. Motions for Summary Judgment**

On November 17, 2014, Plaintiffs filed a Motion for Summary Judgment against Defendant Lackawanna County (Doc. 50), along with a Statement of Facts (Doc. 51) and a Brief in Support (Doc. 52).  On November 18, Defendant LCDSA filed a Motion for Extension of Time to file a Motion for Summary Judgment (Doc. 53), which I granted (Doc. 54).  On December 4, 2014, Defendant LCDSA filed a Motion for Summary Judgment (Doc. 56), along with a Memorandum of Law (Doc. 56-1) and a Statement of Facts (Doc. 56-2).

On December 16, 2014, Plaintiffs filed a Brief in Opposition to LCDSA's Motion for Summary Judgment (Doc. 62).  On December 18, Lackawanna County filed an Answer to Plaintiff's Statement of Facts (Doc. 64), and a Brief in Opposition (Doc. 66) and a Statement of Facts (Doc. 67).  On December 22, Defendant LCDSA filed a Reply Brief in Support of its Motion for Summary Judgment (Doc. 71).  On January 12, 2015, Plaintiffs filed a Reply Brief in support of their Motion for Summary Judgment (Doc. 74).

### 4. Motion for Sanctions

On January 12, 2015, Plaintiffs filed a Motion for Sanctions against Defendant Lackawanna County and its attorney pursuant to Federal Rule of Civil Procedure 11 (Doc. 75) and a Brief in Support (Doc. 76).  In response, Defendant Lackawanna County filed an Affidavit (Doc. 77) and Brief in Opposition (Doc. 78).  On February 6, 2015, Plaintiffs filed a Reply Brief in Support (Doc. 79).  On February 23, 2015, Defendant Lackawanna County filed a "Notice of Withdrawal of Argument Previously Advanced by Lackawanna County in Opposition to Plaintiff's Motion for Summary Judgment."  In that notice, they withdrew the argument that they were not the "employer" of the Plaintiffs for purposes of the Fair Labor Standards Act.  Based upon this, on April 28, 2015, I issued an Order denying the Motions for Sanctions as moot.  (Doc. 81.)

### 5. Attempt at Mediation

On December 30, 2014, I issued an Order referring this case to mediation in accordance with the request of counsel for all parties (Doc. 73).  This mediation was ultimately unsuccessful.

Thus, the motions for summary judgment are ripe for disposition.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the

facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the Complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a Summary Judgment Motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Plaintiffs' Motion for Summary Judgment Against Lackawanna County

Plaintiffs move for summary judgment against Lackawanna County, alleging that Lackawanna County violated the FLSA by not paying the Plaintiffs overtime wages. Plaintiffs argue that Defendant concedes that Plaintiffs were not "properly provided" while working for Defendant. (Doc. 50, ¶ 1.) Additionally, they assert that Souryavong was denied overtime pay in 2008-2011, Velez was denied overtime pay in 2011 and 2012, and Rolon was denied overtime pay in 2010 and 2011. (*Id.,* ¶¶ 2-4.) Finally, Plaintiffs allege that Defendant admits that the only dispute is the amount of money owed to Plaintiffs. (*Id.,* ¶ 5.)

Defendant argues that the motion for summary judgment should be denied, because Plaintiffs failed to establish that Lackawanna County had actual or constructive knowledge of the allegedly unpaid overtime hours as required by the FLSA. (Doc. 66, 16.) Defendant also maintains that the FLSA's statute of limitations bars Plaintiffs' FLSA claim in part for anything that happened more than two (2) years prior to the date the complaints were filed. (*Id.*, 9.)

Plaintiffs' Motion for Summary Judgment appears to be exclusively on the federal law claims, and not the state law claims, as all of the arguments that they make address only federal law.  Furthermore, in their Reply Brief (Doc. 74) to Defendant's Response to their Motion for Summary Judgment, Plaintiffs explicitly state that they "have not sought summary judgment related to Pennsylvania Wage Payment and Collection Act." (Doc. 74, 3.)

## A. Did Lackawanna County have actual or constructive knowledge of the overtime hours worked by Plaintiffs?

The Federal Labor Standards Act ("FLSA") requires that an employer have actual or constructive knowledge of unpaid overtime hours.  "Plaintiff-employees asserting FLSA claims bear the burden of proving they performed work for which they were not paid.  To recover for such uncompensated overtime work, a plaintiff must demonstrate that the defendant-employer had either actual or constructive knowledge of the plaintiff's overtime work."  *Alers v. City of Phila.*, 919 F.Supp.2d 528, 558 (E.D. Pa. 2013) (internal citation omitted).  Still, an employer must ensure that it is complying with the FLSA:

> An employer, however, may not stand idly by and permit an employee to work overtime without proper compensation, even in cases where the employee does not submit a claim for overtime compensation. *Forrester v. Foodliner*, 646 F.2d 413, 414 (9th Cir. 1981)). . . " 'This duty arises even where the employer has not requested the overtime be performed or does not desire the employee to work, or where the employee fails to report his overtime hours.' " *Prise v. Alderwoods Grp., Inc.*, 817 F.Supp.2d 651, 662 (W.D. Pa. 2011) (quoting *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2d Cir. 2008)). So long as the employer knows or has reason to know that the employee continues working, those hours must be counted. *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007).

*Gulick v. City of Pittston*, 995 F. Supp. 2d 322, 338-39 (M.D. Pa. 2014). Plaintiffs argue that the County did have such actual or constructive notice.

Plaintiffs' motion for summary judgment will be granted.  Given all of the evidence of record, the City knew or should have known the Plaintiffs had worked overtime hours. Defendants recognize that Plaintiffs did work overtime hours, and were not paid in accordance with the FLSA and state laws.  Plaintiffs input these hours into Defendant-

Employer's payroll computer system, in accordance with policy for recording hours. Defendant's main argument against summary judgment is that they did not have actual or constructive knowledge of the plaintiffs' overtime hours, because the computer system it used to prepare payroll did not recognize the "overtime issue." (Doc. 66, 12.) The Defendant asserts that it has since "corrected" this matter. (*Id.*)

However, the computer payroll system's deficiencies in not properly recognizing that an employee worked overtime does not excuse the County's failure to pay its employees overtime. The County's failure to acquire and utilize a payroll system that would recognize overtime, even when worked in separate departments, does not excuse the County from paying its employees overtime wages as required by the FLSA. The parties agree that the plaintiffs worked overtime, and that they input this time into the payroll system, but were not compensated. Hence, even taking the facts in a light most favorable to the defendant and resolving all inferences in its favor, Defendant Lackawanna County violated the FLSA.

**B. Statute of Limitations Under the FLSA**

Defendant Lackawanna County argues that Plaintiffs' claims are barred, in part, by the FLSA's Statute of Limitations. The FLSA provides two (2) different statutes of limitation: three (3) years if the violation is willful, and two (2) years if it is not willful. Fair Labor Standards Act of 1938 29 U.S.C. § 255(a). Plaintiffs argue that the violation was willful, and so the three-year statute of limitations should apply. Defendant argues that the violation, if any, was not willful. Thus, because Plaintiffs Souryavong and Velez filed their complaint (Doc. 1) on June 7, 2013, any claims prior to June 6, 2011, are time-barred; and because Plaintiff Rolon filed his complaint on June 12, 2013, any claims of his based on events prior to June 11, 2011 are time-barred.

The Supreme Court has defined a willful violation of the FLSA as a situation in which "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiffs argue that Defendant knew about the FLSA, and thus the violation was willful.

Plaintiffs have failed to demonstrate, for purposes of summary judgment, that the violation was willful.  In the brief in support of the motion, Plaintiffs' attorneys argue that the violation was willful because the defendant knew about the FLSA and its requirements, and should have known that the plaintiffs were working overtime.  However, there is not sufficient evidence, resolving all inferences in favor of Defendant, to demonstrate a "willful" violation.  While Plaintiffs argue that Defendant knew about the violations, Defendant disputes this, asserting that because employees were only recognized by number in the payroll system, and employees received different numbers for different departments, Defendant did not know about the violation.

While Defendant should have had a payroll system in place that accounted for employees' overtime hours worked in different departments, its use of a computer system that did not do so does not appear to be "reckless."  Thus, for the purposes of summary judgment, the appropriate statute of limitations is two (2) years.

Plaintiffs argue that because Defendant failed to post notices required by the FLSA informing employees of their rights, a provision of the FLSA applies which equitably tolls the statute of limitations.  However, there is no indication of this in either party's statement of material facts, and the evidence of record fails to demonstrate that this was the case.

Thus, summary judgment will be granted on claims of Plaintiffs Souryavong and Velez based on events after June 6, 2011, and claims of Plaintiff Rolon's based on events after June 11, 2011.  Further development of the record is needed to determine whether Defendant posted the signs required by the FLSA, and if they failed to do so, at what point Plaintiffs were informed of their rights.  Thus, summary judgment is *denied* with respect to claims based on events prior to the above June 2011 dates.

**IV. The Association's Motion for Summary Judgment**

Defendant Lackawanna County Deputy Sheriff's Association ("LCDSA," "the Association") moves for summary judgment with respect to Plaintiffs' claim that it breached its duty of fair representation (Count III). Defendant also argues that even if Plaintiffs have a viable claim, they are not entitled to the remedies they seek. In their Amended Complaint (Doc. 20), Plaintiffs' single count against the Association is a claim for the Breach of the Duty of Fair Representation. (Doc. 20, 8.) Plaintiffs allege that the Association discriminatorily, arbitrarily, and in bad faith refused to process Plaintiffs' meritorious grievance.

The Association argues that it is entitled to summary judgment because first, Plaintiff Velez did not ask that it file a grievance on his behalf. Furthermore, the Association argues that it processed Plaintiffs Souryavong and Velez's grievance to arbitration. The Association asserts that in Pennsylvania, the remedy for a breach of the duty of fair representation is an order that the grievance proceed to arbitration *nunc pro tunc*–thus, it asserts that Plaintiffs have already received the only remedy available to them, an arbitration hearing.

Collective Bargaining Units such as the LCDSA have broad discretion to determine how to proceed with a grievance. *Falsetti v. Local Union No. 2060*, 400 Pa. 145, 161 A.2d 882 (1960). Such an association only breaches its duty of fair representation to its members if it acts arbitrarily, discriminatorily, or in bad faith. *Vaca v. Sipes,* 386 U.S. 171, 190 (1967), *Dorman v. Penn. Social Svcs. Union*, *Local 668*, 752 A.2d 933, 936 (Pa. Cmwlth. 2000).

Viewing the record in a light most favorable to the non-moving party and resolving all inferences in Plaintiffs' favor, there remain material facts in dispute, and summary judgment is not warranted. The parties dispute a number of essential facts which speak to whether the Association acted in bad faith, arbitrarily, or discriminatorily. First, they dispute whether Plaintiff Velez was part of the grievance filed. Second, they dispute whether the grievance that proceeded to arbitration included Plaintiffs Souryavong and Rolon. Plaintiffs assert that it did not, while Defendant asserts that it did. Defendant Association attaches to its Statement of Material Facts an American Arbitration Association decision governing a matter between the County and the Association. (Doc. 56-2, *Ex. 6.*) However, it is not clear that

this arbitration, held on November 19, 2013, stemmed from the grievance contained in the record. The opinion only mentions Plaintiff Rolon and another deputy sheriff, Fox. (*Id.*) Plaintiff Souryavong testified in a deposition that he believed that his grievance didn't go anywhere, and that someone from the union told him that they were not going to take his grievance to arbitration. (Souryavong Dep., 39:6-9.) Souryavong testified that he never received any money as a result of this arbitrator's decision, but other sheriff deputies did. (*Id.,* 53:4-12.) The Association did not appeal the decision of the arbitrator. (Doc. 56-2, ¶ 27, Doc. 61, ¶ 27.) While employees have no absolute right to have their grievances brought to an arbitrator, *Vaca,* 386 U.S. at 191, Defendant's Summary Judgment Motion is centered on the idea that it did take Plaintiffs Souryavong and Rolon's grievances to arbitration, and that Plaintiff Velez did not want to file a grievance. Plaintiffs have presented evidence that this is not the case, thus putting a material fact in dispute.

Viewing the evidence in a light most favorable to the plaintiffs, and resolving all inferences in their favor, LCDSA has failed to demonstrate that there are no disputes of material fact, and that it is entitled to judgment as a matter of law. Further development of the record is warranted to determine whether the LCDSA acted within its discretion in how it proceeded with Plaintiffs' grievances–and whether Plaintiff Velez was a part of a grievance. Thus, Defendant's motion for summary judgment will be *denied.*

## IV. Conclusion

For the above reasons, Plaintiffs' Motion for Summary Judgment (Doc. 50) will be *granted* with respect to claims based on events within the minimal statute of limitations under the FLSA, two (2) years. In all other respects, Plaintiffs' Motion will be *denied*. Defendant Lackawanna County Deputy Sheriff's Association's Motion for Summary Judgment (Doc. 56) will be *denied*. An appropriate order follows.

| | |
|---|---|
| May 27, 2015 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |