The Employment Law Firm
Cynthia L. Pollick, LLM                                              Attorney for Plaintiffs
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SOURYAVONG, et al. | : | |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| LACKAWANNA COUNTY, et al. | : | DOCKET NO: 13-1534 |
| | : | |
| | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR ATTORNEY FEES

### POINT ONE
### The purpose of fee awards is to ensure that victims will prosecute civil rights violations

"Civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important congressional policies which these laws contain." *Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436 (3d Cir. 1988). " … If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by

1

invoking the injunctive powers of the Federal Court". *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008).

Courts have realized that "[i]t must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" ... and that "... the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno,* 534 F.3d at 1111. The Supreme Court of the United States reaffirmed that "we have noted that the lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee ...". *Perdue v. Kenny A.*, 130 S. Ct. 1662; 176 L. Ed. 2d 494 (2010).

It should be noted that successful victims of constitutional violations should not receive less than what the unsuccessful party paid for their attorneys. That is giving a windfall to Defendants who violated a citizen's constitutional rights and fought vigorously to avoid being held responsible. The *Johnson* court noted that the desirability of the case can impact the fee award, the court explained that:

> [c]ivil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. Often times this decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by

the Court. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974)(citations omitted).

## POINT TWO
## Plaintiffs should be awarded attorney fees and costs

"Congress enacted fee-shifting statutes to compensate 'private attorney generals' and thereby to encourage private enforcement of civil rights statues, to the benefit of the public as a whole." *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 426 (2d Cir. 1999). The *Quarantino* court emphasized that "[t]he public interest in private civil rights enforcement is not limited to those cases that push the legal envelope; it is perhaps most meaningfully served by the day-to-day private enforcement of these rights, which secures compliance and deters future violations." *Id.*

### A. Plaintiffs were the prevailing party

Plaintiffs were the prevailing party in this litigation. Therefore, they are entitled to be compensated for their costs and attorney fees. To qualify for attorney fees, a plaintiff must be the prevailing party. *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990). Plaintiff may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Here, judgment was entered in Plaintiffs favor and they were awarded overtime damages. Consequently, Plaintiffs are the prevailing party and are entitled to attorney fees and costs.

**B. <u>Plaintiff Proposes a Reasonable "Lodestar"</u>**

In awarding attorney fees, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate". *City of Riverside v. Rivera*, 477 U.S. 561, 568, 106 S. Ct. 2686, 2691, 91 L.Ed.2d 466 (1986). This figure is known as the "lodestar", and constitutes the accepted "reasonable fee". The Courts look at the attorney's usual billing rate for the hourly rate component. *Public Interest Research Group v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *Cuff v. Trans States Holdings, Inc.*, 768 F.3d 605 (7th Cir. 2014)(affirming a $325,000.00 fee award on an FMLA interference claim where the plaintiff recovered less than $50,000 because the defendants' overly aggressive litigation tactics justified the high award).

Here, Plaintiffs' counsel hourly rate is $400.00, and she received that rate in the matter of *Vito DePietro v. USDOJ*, USM-2013-00357, which was resolved this year. Plaintiffs' counsel also received $400 per hour in the matter of *Harris v. City of Scranton,* 13-2282. Plaintiffs' counsel's time for each task is properly documented. (See Exhibit "A"). Plaintiffs' counsel has

provided a declaration by a local lawyer attesting to Plaintiffs' reasonable rate along with the Community Legal Services chart that often is used in assessing the hourly rate. Pursuant to that chart, a lawyer with 16 to 20 years of experience, like Plaintiffs' counsel, should receive an hourly rate of $435 to $515. (Exhibit "C", "D").

Plaintiffs' counsel has special experience in Human Resources, taught Employment and Labor Law as an Adjunct professor at King's College, has a Master's Law Degree in Trial Work, obtained a Master's Degree from New York University, and is a Graduate of Gerry Spence's Trial Lawyers College. Plaintiffs' counsel has a very good reputation in our local community, and has special distinguishing achievements, such as an LLM, that certainly support her being awarded the current market rate of $400.00. She takes these matters on a contingency basis, which places the risk of payment for services in her lap since victims of constitutional violations normally do not have the money to pay for services on an hourly rate.

"An attorney specializing in civil rights cases may enjoy a higher rate for his expertise than others, providing his ability corresponds with his experience." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974). As the Third Circuit has noted "[a]ttorneys are not fungible. Some, shortly out of law school, may command in the marketplace charges for their

time that others do not command after a lifetime of pedestrian practice." *Cunningham v. The City of McKeesport*, 753 F.2d 262, 268 (3d Cir. 1985).

Plaintiffs' counsel also has been successful at achieving six (6) Precedential Opinions from the Third Circuit, with three* cited in the Model Jury Instructions for the Third Circuit. *Hill v. City of Scranton**, 411 F.3d 118, 125 (3d Cir. 2005); *Colwell v. Rite Aid**, 602 F.3d 495 (3d Cir. 2010); *Dee v. Dunmore*, 549 F.3d 225 (3d Cir. 2008); *Smith v. Dunmore*, 633 F.3d 176 (3d Cir. 2011); *Jane Doe v. Luzerne Co.**, 660 F.3d 169 (3d Cir. 2011); *Morgan v. Covington Twp*, 648 F.3d 172 (3d Cir. 2011). Additionally, Plaintiffs' counsel has received five (5) successful non-precedential opinions. *Supinski v. UPS*, 2011 U.S. App. LEXIS 2955 (3d Cir. 2011); *Viola v. Throop*, 387 Fed. Appx. 219 (3d Cir. 2010); *Guarnieri v. Duryea*, 364 Fed. Appx. 749 (3d Cir. 2010)(in part); *Young v. Pleasant Valley Sch. Dist.*, 2015 U.S. App. LEXIS 1754(in part); *Carroll v. Clifford Township*, 12-553 (in part). Consequently, Plaintiffs requested rate of $400.00 is reasonable since it is align with the hourly rates for lawyers who take civil rights cases, which are undoubtedly difficult, labor intensive cases on a contingency basis.

The majority of time entries are for the lowest amount of time, .1. (.1) is the lowest entry that can be attributed to a task in Plaintiff's counsel office and is the industry standard among attorneys. *Haines, supra* (finding no problem with

6

time entries that "... <u>meted out to the nearest tenth of an hour</u>); *Shaw v. Cumberland Truck Equipment,* 2012 U.S. Dist. LEXIS 44945 (Judge Conner)(stating that counsel's time was detailed in "... <u>1/10ths of an hour</u> ..."; *Annunziata v. Palazzolo,* 2013 U.S. Dist. LEXIS 48156 (noting counsel provided a "... detailed log that allocated his work in <u>tenth of an hour intervals</u> ..."); *Great Western Mining & Mineral Co. v. ADR Options*, 2012 U.S. Dist. LEXIS 151276 (citing that counsel allocated work "... in <u>tenth of an hour intervals</u> ..."; *Holzhauer v. Hayt, Hayt & Landau*, 2012 U.S. Dist. LEXIS 112740 (stating that "... Defendant's claim that Plaintiff has the burden of providing detailed explanations to justify each and every <u>tenth of an hour</u> it bills ... is overstated"); *Baynes v. Mason Funeral Home*, 2012 U.S. Dist. LEXIS 39990 (determining that hours would be "... rounded up to the <u>nearest tenth of an hour</u>); *In Re Bayside State Prison Litigation*, 2010 U.S. Dist. LEXIS 120240 (directing the fee petitioner to submit "[e]ach activity should be reported in time intervals specified to the <u>nearest tenth of an hour</u>"; *USA v. Somerset Farms*, 2014 U.S. Dist. LEXIS 68198 (approving time records that were "... broken down in tenth-of-an-hour increments").

Therefore, there is no question that Plaintiffs' lodestar amount is reasonable, and Plaintiffs' attorney fees and cost should be compensated in full.

## POINT THREE
## The time spent preparing a fee petition is awarded

In *Planned Parenthood*, the Third Circuit held "[a] party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood v. AG*, 297 F.3d 253 (3d Cir. 2002). Consequently, Plaintiffs should be awarded the additional seven (7) hours associated with preparing this fee petition.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for attorney fees and costs.

Respectfully Submitted:

By: /s Cynthia L. Pollick
Cynthia L. Pollick, Esquire, LLM
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com

**CERTIFICATE OF SERVICE**

Cynthia L Pollick, Esquire, hereby certifies that on November 13, 2015, she served a copy of Plaintiffs' Motion for Attorney Fees and Costs by serving a copy via electronically on Defendant's counsel:

>Harry Coleman, Esquire
>Law Office of Harry Coleman
>41 North Main Street, Suite 316
>Carbondale, PA 18407

>s/ Cynthia L. Pollick
>Cynthia L Pollick, Esquire