**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL SOURYAVONG, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>LACKAWANNA COUNTY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 13-CV-1534<br><br>(JUDGE CAPUTO) |
| NELSON ROLON,<br><br>    Plaintiff,<br><br>        v.<br><br>LACKAWANNA COUNTY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 13-CV-1581<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before me is Plaintiffs' Motion for Reconsideration (Doc. 200) of my February 1, 2016 Memorandum and Order granting in part Plaintiffs' Motion for Attorney Fees and Costs (Docs. 194 & 195). Because Plaintiffs have not established that reconsideration is necessary to correct a clear error of law or fact or to prevent a manifest injustice, their motion will be denied.

**I. Background**

This action represents the consolidation of two (2) matters arising out of Defendant Lackawanna County's failure to pay overtime to Plaintiffs Michael Souryavong, Edwin Velez, and Nelson Rolon (collectively "Plaintiffs"), employees who were working in excess of forty (40) hours per week for Lackawanna County (the "County"). All three (3) plaintiffs are represented by Cynthia Pollick, Esq. Both cases were consolidated under the caption *Souryavong et al. v. Lackawanna County, et al.*, No. 13-cv-1534.

On November 2, 2015, a consolidated jury trial commenced. On November 5, 2015, trial concluded and judgment was entered in favor of Plaintiffs and against the

County. The jury awarded Souryavong damages in the amount of $608.30, Velez in the amount of $4,672.50, and Rolon in the amount of $307.50.[1]

Following trial, Plaintiffs filed several post-trial motions, including a motion for attorneys' fees and costs (Doc. 163). Plaintiffs' motion requested an award of $165,007.75, which was based on an hourly rate of $400.00 for their counsel, Attorney Pollick. This motion was fully briefed and on February 1, 2016, I issued an Order granting Plaintiffs' motion in part, reducing their requested award to a total of $55,852.85. (Docs. 194 & 195.)

On February 16, 2016, Plaintiffs filed a Motion for Reconsideration of my Memorandum and Order (Doc. 200), objecting to my reduction of Plaintiffs' requested hourly rate for counsel from $400.00 to $250.00. On February 21, 2016, Defendant filed its response to Plaintiff's motion (Doc. 202), followed by a brief in support of its opposition on February 23, 2016 (Doc. 302). On March 8, 2016, Plaintiffs filed their reply. (Doc. 204.) Plaintiff's motion has been fully briefed and is now ripe for disposition.

## II. Discussion

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*,

---

[1] These amounts fall far below the amounts that the County offered Plaintiff prior to trial in its Rule 68 Offer, which Plaintiffs rejected. (Doc. 146.) The offers would have allowed judgment to be entered against the County to Plaintiff Souryavong in the amount of $12,124.72; Plaintiff Velez in the amount of $6,356.04, and Plaintiff Rolon in the amount of $854.41, excluding attorneys' fees. (*Id.*)

176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Reconsideration motions also may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Here, Plaintiffs have failed to demonstrate that reconsideration is necessary to correct a clear error of law or fact or to prevent a manifest injustice. Plaintiffs' motion for reconsideration makes only one argument: that there is no evidence in the record to establish that $250.00 is the hourly rate for an attorney with sixteen (16) years of experience. However, in support of this argument, Plaintiffs simply re-hash the same arguments and cases they cited in their original motion, which I already carefully considered and rejected in my Memorandum. *See, e.g.*, *Souryavong v. Lackawanna Cty.*, Nos. 13-cv-1534 & 13-cv-1581, 2016 WL 374462, at *9-*11 (addressing the cases cited by Plaintiffs). Additionally, this argument ignores my ruling that Plaintiffs failed to satisfy their prima facie burden to establish the reasonableness of their requested hourly rate of $400.00, which left me with the discretion to determine an appropriate hourly rate. *See Carey v. City of Wilkes-Barre*, 496 F. App'x 234, 237 (3d Cir. 2012) ("If the plaintiff fails to meet her prima facie case, the district court has the discretion to determine what award is reasonable."). Based on a review of all of the evidence available to me as well as my intimate knowledge of the case, I found that an hourly rate of $250.00 was reasonable. *Souryavong*, 2016 WL 374462, at *8-*11. (*See also, e.g.*, Doc. 177, Ex. B, Declaration of Frank J. Lavery, Jr., Esq., ¶ 8 (attesting that

"civil rights litigators with 16-18 years experience (ie., more than Attorney Pollick) have been awarded a reasonable hourly rate of $275 in this forum, and an attorney with 33 years experience who stated he was an experienced civil rights litigator was awarded [sic] a reasonable hourly rate of $260") (citing cases).)[2]

In connection with their motion for reconsideration, Plaintiffs submit new evidence in the form of an affidavit by Attorney Barry H. Dyller in connection with a fee petition before me in another case, *Borrell v. Bloomsburg Univ.*, No. 12-2123, where he seeks an hourly rate of $450.00. Plaintiffs' reliance on this affidavit is misguided for at least three (3) reasons.

First, it ignores the fact that Attorney Dyller is more experienced than Attorney Pollick. As explained in my prior Memorandum, the Third Circuit has already affirmed my previous finding that Attorney Dyller's rates "actually tended to show that Pollick's rate was too high, because Dyller ha[s] at least fifteen years more experience than Pollick." *Souryavong*, 2016 WL 374462, at *9 (quoting *Carey v. City of Wilkes-Barre*, 496 F. App'x 234, 238 (3d Cir. 2012)). Therefore, Attorney Dyller's rates are not indicative of what a reasonable rate for Attorney Pollick would be.

Second, Plaintiffs fail to demonstrate how the services provided by Attorney Dyller in *Borrell* would be comparable to the services provided by Attorney Pollick in this wage and overtime action, since the cases "do not involve similar claims, and therefore do not involve similar services." *Souryavong*, 2016 WL 374462, at *9 (rejecting Plaintiffs' attempt to rely on Attorney Dyller's affidavit submitted in another case for this same reason); *see also*

---

[2] Plaintiffs argue that "[b]ecause Attorney Lavery was not present [at the evidentiary hearing on attorneys' fees], his affidavit should not be used to lower Plaintiffs' requested hourly rate." (Doc. 204, at 1.) There is no legal basis for disregarding evidence submitted in connection with a fee petition simply because that evidence was not also presented again at the fee hearing in the form of "live testimony." Attorney Lavery's Declaration was properly considered.

*Maldonado v. Houston*, 256 F.3d 181, 184 (3d Cir. 2001) (requiring the court to assess counsel's requested rates to those prevailing in the community for similar services); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001) (finding no error in district court reduction of counsel's requested hourly rate in a Fair Labor Standards Act case and noting this reduction was in part due to the fact that the court was unpersuaded by affidavits submitted by employment discrimination practitioners because "an employment discrimination case is 'much more complex than a wage and overtime case'").

Third, Attorney Dyller's requested hourly rate of $400.00 in *Borrell* has not yet been approved.  In fact, his affidavit cites to cases where he was awarded hourly rates between $250.00 and $375.00, and the cases where he was awarded a rate in the higher end of this range were cases where opposing counsel did not object to the requested rate, leaving the courts in those cases without discretion to reduce the rates.  *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (explaining that an attorney fee award cannot be decreased based on factors not raised by the adverse party).  In the only case that Attorney Dyller cites where his requested hourly rate *was* contested, he was awarded an hourly rate of $250.00 by Chief Judge Vanaskie.  (Doc. 200-1, Ex. 1, ¶ 21.)  Therefore, Attorney Dyller's affidavit fails to show that Plaintiffs' requested hourly rate of $400.00 is reasonable.

Accordingly, Plaintiffs have failed to demonstrate that reconsideration of my prior Memorandum is warranted.  Plaintiffs' motion for reconsideration will be denied.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration (Doc. 200) shall be denied.

An appropriate order follows.

July 21, 2016　　　　　　　　　　　　　　　/s/ A. Richard Caputo  
Date　　　　　　　　　　　　　　　　　　　A. Richard Caputo  
　　　　　　　　　　　　　　　　　　　　　United States District Judge